**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| HMS HOLDINGS, LLC<br>        Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS,<br>LIMITED LIABILITY COMPANIES,<br>PARTNERSHIPS, AND UNINCORPORATED<br>ASSOCIATIONS IDENTIFIED ON<br>SCHEDULE A TO THE COMPLAINT,<br><br>        Defendants. | Civil Action No. 26-cv-3011 |

Amended

**[PROPOSED] ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**
**AND TEMPORARY RESTRAINING ORDER**

The Court has considered Plaintiff's *ex parte* application (the "Application"), including the declaration submitted in support of the Application, as well as all other papers filed in support of the Application, for the following relief:

(1) a temporary restraining order against defendants (as described in Schedule A attached to the Amended Complaint ("Defendants"), which shall also be attached hereto), enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of infringing products (the "Infringing Products") infringing upon Plaintiff's trademark rights in the HMS HOLDINGS Marks, specifically U.S. Trademark Registration Nos. 4,823,979; 6,273,107; 2,297,205; 2,117,341; 2,906,149; 3,095,769; 2,216,494; 2,216,496; and 2,374,202 (collectively, the "HMS HOLDINGS Marks");

(2) a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiff's right to an equitable accounting;

1

(3) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Infringing Products, as well as of Defendants' financial accounts; and

(4) ordering Defendants to show cause why a preliminary injunction should not issue on the return date of the Application.

Based on the papers and other evidence submitted in support of the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.      Plaintiff is likely to prevail on its trademark infringement claims at trial.

2.      As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted. For example:

a.   Defendants, without any authorization or license from Plaintiff, have knowingly, willfully, and deliberately infringed Plaintiff's HMS HOLDINGS Marks in connection with the systematic advertisement, distribution, offering for sale, and sale of Infringing Products into the United States, including within this judicial district, over the Internet through accounts with online marketplace platforms including PayPal and Shop Pay held by Defendants (the "User Account(s)").

b.   Plaintiff has well-founded fears that more Infringing Products may appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and goodwill related to HMS HOLDINGS Marks.

c. ~~Plaintiff has well-founded fears that if it~~ If Plaintiff proceeds on notice to Defendants on this Application, Defendants ~~will~~ may (i) transfer, conceal, dispose of, or otherwise destroy the Infringing Products and information concerning the Infringing Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Infringing Products; and/or (iii) close down existing User Accounts, transfer User Account information, and/or open a new User Account through which Defendants can improperly advertise, market, promote, distribute, offer for sale and/or sell the Infringing Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

3.    On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, their business, and the goodwill and reputation built up in and associated with HMS HOLDINGS Marks if a temporary restraining order is not issued. Further, the public interest favors issuance of the temporary restraining order to protect Plaintiff's interests in the trademarks and to protect the public from being deceived and defrauded by Defendants' passing off their Infringing Products as Plaintiff's products.

4.    Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants and does not violate the Hague Service Convention as Defendants' addresses are unknown or unverifiable despite Plaintiff's due diligence.

5.    If Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products. Therefore, good cause exists for granting Plaintiff's request to proceed *ex parte* and for an asset restraining order. It typically takes banks and other financial institutions (including those defined below as the "Financial Institutions"), as well as online marketplace accounts, approximately five (5) days after service of an Order like this one to locate, attach, and freeze Defendants' Assets (defined below),

Defendants' Accounts (defined below), and/or the User Accounts, and service on Defendants should not take place until such actions are completed.

6.    Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Infringing Products. Thus, Plaintiff has established good cause for expedited discovery to be ordered.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** and it is **ORDERED** as follows:

### Temporary Restraints

1.    As sufficient causes have been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

    a.    Cease and refrain from manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

    b.    Cease and refrain from manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods utilizing the HMS HOLDINGS Marks, or any confusingly similar goods, other than genuine products manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

    c.    Cease and refrain from destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial

records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d.      Cease and refrain from using the HMS HOLDINGS Marks on or in connection with any Seller Alias that any Defendant may own, operate, or control on any Marketplace;

e.      Cease and refrain from any and all use of the HMS HOLDINGS Marks as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Seller Aliases registered, owned or operated by any Defendant on any Marketplace; and

f.      Cease and refrain from altering, disabling, closing, or transferring ownership of any seller alias on any Marketplace during the pendency of this action, or until further Order of the Court.

**Temporary Asset Restraint**

2.      Pursuant to Fed. R. Civ. P. 64 and 65, as well as C.P.L.R. 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, within five (5) days of receipt of service of this Order, any Financial Institutions such as (i) Amazon, (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc ("Payoneer"), (iv) Ping Pong Global Solutions Inc ("Ping Pong"), (v) Coinbase Global, Inc ("Coinbase"), and (vi) eBay (collectively referred to as the "Financial Institutions") shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the

transfer or disposing of Defendants' Assets, until further ordered by this Court. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff.

**Expedited Discovery**

3.      As sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Financial Institutions shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' possession, custody, or control):

       a.      Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution.

       b.      Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Amended Complaint (and attached hereto).

       c.      Information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution.

4.      As sufficient cause has been shown, Plaintiff is authorized to conduct expedited discovery, including that:

       a.      Plaintiff may serve interrogatories and requests for production of documents, pursuant to Rules 26 and 33, and 34 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven (7) days of service to Plaintiff's counsel, or other such date agreed to by Plaintiff and the relevant Defendant.

**Service by Electronic Mail and/or Electronic Publication**

5.      Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to, each if the enumerated Defendants if it is completed by the following means:

Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; and (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application (the "Link"), to Defendants' e-mail addresses as provided by the Financial Institutions, or to the Financial Institutions for forwarding to Defendants if the Financial Institutions are unable to provide e-mail addresses directly to Plaintiff.

6.      Such alternative service, as set forth above, shall be made within ~~three (3)~~ five days of the Financial Institutions' compliance with Paragraphs 2 through ~~4~~ 3 of this Order.

7.      ~~The Clerk of Court is directed to issue a single original summons in the name of "The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associations Identified On Schedule A To The Complaint" that shall apply to all Defendants.~~

**Security Bond**

8.      Plaintiff shall deposit with the Court ~~One Thousand, Five Hundred Dollars ($1,500.00)~~ Five Thousand Dollars ($5,000.00), either cash, cashier's check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

**Sealing Order**

9.      Plaintiff's Schedule A, attached to the Amended Complaint, Plaintiff's unredacted version of the Amended Complaint, Exhibit 2 showing the Seller Aliases' infringement, and Exhibit

1 to Mu Declaration showing Plaintiff's efforts to verify Defendants' addresses, shall be sealed and remain sealed until the Defendants' Accounts and the Defendants' Assets are restrained.

10. Plaintiff shall file unsealed versions of Plaintiff's Schedule A attached to the Amended Complaint, Plaintiff's unredacted version of the Amended Complaint, Exhibit 2 showing the Defendant Seller Aliases' alleged infringement, and Exhibit 1 to Mu Declaration showing Plaintiff's efforts to verify Defendants' addresses using the CM/ECF system prior to the expiration of this Order when Financial Institutions have confirmed that Defendants' funds have been frozen and Plaintiff has properly served Defendants with the Summons and the Complaint, whichever comes later.

**Application to Vacate or Dissolve**

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

**IT IS FURTHER ORDERED** that a hearing shall be held on [ ~~April 29~~ May 6, ] 2026 at [ 2:30 pm ] ~~a.m./p.m.~~ in which Plaintiff may present its arguments in support of its request for issuance of a preliminary injunction. At such time, any Defendants may also be heard in opposition to Plaintiff's Application. The parties shall call 855-244-8681 and enter the access code 2311 193 8649.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or before [ ~~May 22~~ May 4, ], 2026, at [ noon ] ~~a.m./p.m.~~

This Temporary Restraining Order without notice is entered at [ 5:00 pm ] on [ ~~April 15~~ April 24 ], 2026, and shall remain in effect ~~for fourteen (14) days~~ until ~~April 30,~~ May 7, 2026.

The Clerk of Court is respectfully directed to issue a single original summons in the name of "The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associations Identified On Schedule A To The Complaint" that shall apply to all Defendants.

The Clerk of Court is also respectfully directed to close the letter motions at Dkt. Nos. 7 and 8.

Dated: ~~April 15,~~ April 24, 2026
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**